GEORGE HOPKINS v. STATE.

No. A-2146.    Opinion Filed March 4, 1915.

Appeal from County Court, Comanche County;

H. N. Whalin, Judge.

George Hopkins, convicted of violating the prohibitory law, appeals. Affirmed.

Fain & Young, and Stevens & Myers, for plaintiff in error.

Chas. West, Atty. Gen., and S. I. McElhoes, for the State.

PER CURIAM. This appeal is prosecuted from a conviction had on an information which charged that the defendant did have in his possession nineteen pints of whisky and forty-four quarts of beer, with the intent to sell the same. On the 13th day of September, 1913, the court sentenced the defendant to be confined in the county jail for ninety days and to pay a fine of five hundred dollars. The evidence in the case was substantially as follows:

W. E. Nix, sheriff, testified that on the 24th day of July, 1913, he found at the defendant's place of business, a livery barn in Lawton, forty-four quarts of beer and nineteen pints of whisky; that several bottles of the beer was in an ice box; that the defendant was present when he seized the liquors; that he was acquainted with the reputation of the defendant's place as being a place where intoxicating liquors were kept and sold and that it was bad.

W. P. Pierce, deputy sheriff, testified that he was with the sheriff when the liquor was seized, and the defendant Hopkins said, ''That was his last,'' and that he knew the reputation of the place as to being a place where intoxicating liquors were kept and it was bad.

A certified copy of a retail liquor dealer's license from the office of the Internal Revenue Collector of the district of Oklahoma was introduced, showing that the same was issued to George J. Hopkins, retail liquor dealer, Lawton, Okla., Lot 24, Block 23, date of payment, July 21st, 1913, amount of tax paid, $25.00.

This was all the evidence in the case. The defense offered no testimony. The petition in error contains seventeen assignments. It is evident that justice has been done and the judgment ought not be set aside except for some manifest error in the proceedings prejudicial to the substantial rights of the defendant. A careful examination of the record fails to disclose any such error. The judgment is, therefore, affirmed.